# Supreme Court of the Navajo Nation

**Reynolds Lee, Defendant-Appellant,**
**v.**
**The Navajo Nation, Plaintiff-Appellee.**
**Decided July 18, 1989**

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

Genevieve K. Chato, Esq., Kayenta, Arizona, for the Appellant; Jane T. Nez, Esq., Window Rock, Arizona, for the Appellee.

Opinion delivered by Tso, Chief Justice.

### I

This Court has reviewed appellee's motion to dismiss this appeal because appellant neither filed a motion for reconsideration with the Crownpoint District Court prior to the filing of this appeal nor filed a brief-in-chief with this Court along with his notice of appeal.

On February 22, 1989, appellant was found guilty by a jury for the crime of unlawful imprisonment, 17 N.T.C. § 311. The Crownpoint District Court sentenced appellant to 120 days jail term plus $100.00 fine, but the court suspended the sentence of 120 days and placed appellant on four months probation.

On March 23, 1989, appellant filed a notice of appeal with this Court, but he did not include a brief with the notice to explain the grounds for the appeal. Finally, on May 8, 1989, appellant filed his brief. The motion for reconsideration, however, was not filed with the district court until June 1, 1989.

### II

Pursuant to NRCrP 21, "an appeal may be taken in the manner provided by the Rules of Appellate Procedure." NRAP 5(d) states that "[n]o appeal *shall* be heard unless the appellant has filed a motion for reconsideration with the district court." (emphasis added). Previously, the Court interpreted the requirement for filing a motion for reconsideration with the district court to be a mandatory prerequisite to appeal pursuant to NRAP 5(d). See orders in *Sorrell v. Navajo Nation*, 3 Nav. R. 23 (1980), and *Catron v. Yazzie*, 1 Nav. R. 253 (1978).

Presently, all criminal appeals are taken pursuant to the Navajo Rules of Appellate Procedure (1978 ed.).

The record reveals that appellant filed a motion for reconsideration with the Crownpoint District Court on June 1, 1989, more than 70 days after he filed a notice of appeal with the Navajo Nation Supreme Court. In *Catron*, 1 Nav. R. at 253, this Court found that "[t]he filing of a Motion for Reconsideration subsequent to the appeal is not in compliance with [NRAP] 5(d)." This Court has always treated the timely filing of a motion for reconsideration as a jurisdictional requirement in criminal cases. When a motion for reconsideration is not timely filed or is never filed, the Court's only recourse is to dismiss the appeal.

Additionally, a criminal appeal must be filed in accordance with the requirements established in NRAP 2. "All appeals shall originate by filing a Notice of Appeal ... including with it a brief explaining the grounds for the appeal." NRAP 2(a). In other words, the brief is a part of the notice of appeal.

The time requirement for filing the brief is also specified in NRAP 2. Pursuant to NRAP 2(c), "[t]he Notice of Appeal, *the brief*, ... and the copy of the final judgment shall be filed with the Clerk *within thirty calendar days* of the date [of] the final judgment .... No extension of time within which to file the appeal shall be granted, and no appeal filed after the expiration of the thirty days period shall be allowed." (emphasis added). The record indicates that appellant did not comply with NRAP 2(c) and filed his brief-in-chief more than 75 days after entry of the district court's final judgment.

Litigants must adhere to the requirements established in NRAP 2(a) and (c) and 5(d) in order for the Court to have jurisdiction over criminal appeals. First, pursuant to NRAP 2(a), a notice of appeal must be accompanied by the brief-in-chief in all criminal appeals. Second, a notice of appeal and a brief-in-chief must be filed in a timely manner pursuant to NRAP 2(c). Third, pursuant to NRAP 5(d), a motion for reconsideration must be filed with the district court before an appeal is filed in the Navajo Nation Supreme Court. The appellant did not adhere to the requirements of NRAP 2(a) and (c) and 5(d); therefore, this Court does not have jurisdiction to hear this criminal appeal.

Finally, appellant moved to strike appellee's motion to dismiss alleging that the motion was untimely. This Court finds that the motion to strike untimely pleading is irrelevant to the ultimate disposition of this case. The Court is simply without jurisdiction.

It is ordered that, pursuant to NRAP 2(a) and (c) and 5(d), appellee's motion for dismissal of the appeal is granted.